**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2015[*]
Decided May 11, 2015

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 14-3657

| | |
|---|---|
| RALPH E. STEINBARTH, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 11 C 8537 |
| WHOLE FOODS MARKET | |
| GROUP, INC., | Milton I. Shadur, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

Ralph Steinbarth appeals the grant of summary judgment for his former employer, Whole Foods, in this lawsuit claiming employment discrimination and retaliation based on his race and national origin under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964. We dismiss the appeal.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Steinbarth, a white man with a mixed background (German, Polish, Puerto Rican, Cuban, and Jewish), joined the meat department of a Whole Foods in Chicago in mid-2008. A few months later, Agustin Murillo, who was born in Mexico, became his supervisor, and a tense relationship ensued. Steinbarth complained to a human-resources officer that Murillo would often mention his Jewish heritage, mispronounce a German phrase Steinbarth had taught him, and schedule Steinbarth to work undesirable shifts. After Steinbarth also voiced a desire to advance to a "meat cutter" position, he was assured by Murillo that he would be next in line to begin a meat-cutter apprenticeship. But in December 2009, Murillo instead promoted fellow meat-department employee Israel Gutierrez, who also was born in Mexico. Later that month, Steinbarth was reprimanded by Murillo for placing his work gloves on the sales counter. Steinbarth asked Murillo not to embarrass him by scolding him in public and then went into another room alone and shouted a string of curse words in Spanish. Murillo reported the incident up the chain and Steinbarth was eventually fired for directing profanity at his supervisor.

Steinbarth sued Whole Foods, claiming that, because of his race and national origin, he was denied a promotion, subjected to a hostile work environment, and then fired in retaliation for complaining about the work environment. The district court granted summary judgment for Whole Foods. Regarding Steinbarth's failure-to-promote claim, the court determined that he produced no evidence to show that he was as qualified as Gutierrez or that Whole Foods's reasons for promoting Gutierrez were pretextual. As for Steinbarth's hostile-work-environment claim, the court concluded that he introduced no evidence that Murillo's periodic and condescending "jabs" about his ancestry were sufficiently severe or pervasive, or that Murillo's other conduct was causally related to his race or national origin. Finally, regarding retaliatory discharge, the court found no evidence that Murillo's decision to report Steinbarth stemmed from any alleged protected activity.

On appeal, Steinbarth recites several facts that he believes prove his case, among them that Murillo had promoted a "personal friend" over him despite his positive performance reviews, that Whole Foods's pre-firing investigation was phony, and that he can produce more documentation of how Murillo "jerk[ed him] around." But he does not present any legal argument suggesting how the district court erred or why we should disturb its judgment. *See Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Federal Rule of Appellate Procedure 28(a)(8)(A) requires that an appellant's brief contain an argument that includes "contentions and the reasons for them," and pro se litigants must adhere to

procedural rules, *see Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). Steinbarth's briefs present us with no developed claim to review.

DISMISSED.